Per Curiam.

Petitioner’s primary contention is that his conviction was invalid because the attorney appointed to represent him was a deputy clerk of courts. He bases this argument on the provisions of Section 4705.01, Revised Code, which .reads in part as follows:
“No sheriff, deputy sheriff, or coroner shall practice as an attorney at law in any court of this state, and no Clerk of the Supreme Court or Court of Common Pleas, or the deputy of either, shall practice in the particular court of which he is clerk or deputy.”
*109 The evidence at the hearing showed that the attorney appointed to represent petitioner was a deputy clerk on July 25, when she was appointed, but that she resigned her office of deputy clerk on July 31, 1962, so that at the time petitioner’s plea of guilty was entered such attorney was no longer employed as a deputy clerk but was engaged in the private practice of law and was not violating the statutory prohibition.
Petitioner could not on inquiry at the hearing in any way demonstrate how the status of his attorney as a deputy clerk at the time of her appointment was to his prejudice.
Petitioner urges further as ground for his release that in 1964, a year and a half after his conviction, he filed a petition to vacate the judgment, which was dismissed on motion of the prosecuting attorney, and that he did not receive notice of such dismissal.
Even if petitioner did not receive such notice, it would not be ground for relief by habeas corpus. Any remedy in such instance would be appeal from the original judgment of dismissal.
Petitioner in this action is attacking only his 1962 conviction. Inasmuch as he is still subject to detention under the 1957 convictions, habeas corpus does not lie. Page v. Green, Supt., 174 Ohio St., 178; and Neal v. Maxwell, Warden, 176 Ohio St., 206.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.